UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMAN SILVA,

                              Petitioner,

        -v-

DAVID MILLER, Superintendent, Eastern
Correctional Facility,

                              Respondent.

No. 04-CV-8013 (KMK) (LMS)

ORDER ADOPTING REPORT
 AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

        Pro se Petitioner Roman Silva ("Petitioner") brings this writ of habeas corpus, pursuant

to 28 U.S.C. § 2254, challenging his conviction for robbery in the first degree, petit larceny, and

criminal possession of a weapon in the fourth degree.  The case was referred to Magistrate Judge

Lisa Margaret Smith for review, pursuant to 28 U.S.C. § 636(b).[1]  On June 9, 2009, Magistrate

Judge Smith issued a thorough Report and Recommendation ("R&R"), concluding that this

Court should deny the Petition in all respects.  For the reasons stated herein, the Court adopts the

conclusions of the R&R and denies Petitioner's claims for habeas relief.

I.  Background

        Although the Court assumes the Parties' general familiarity with the factual and

procedural background of this case as set forth in the R&R, the Court will briefly summarize the

facts most salient to the Petition.

_____

        [1] The case was initially assigned to Judge Colleen McMahon, who referred the matter to
Magistrate Judge Smith on October 18, 2004.  The case was reassigned to this Court on August
6, 2007.

A.  Offense and Conviction

On January 18, 1999, Petitioner stole a power washer from a Sears department store in

Newburgh, New York; two Sears employees followed Petitioner out into the parking lot, where

Petitioner lunged at one of the employees with a screwdriver, threatened to kill him, and then ran

away.  After a jury trial in New York Supreme Court, Orange County, Petitioner was convicted

of robbery, petit larceny, and criminal possession of a weapon, and was sentenced to thirteen

years' imprisonment and five years' post-release supervision.

B.  Direct Appeal

On direct appeal, Petitioner argued that "the verdict of guilt went against the weight of

the evidence," that the prosecution "failed to prove the elements of Robbery in the First Degree

and the elements of Criminal Possession of a Weapon in the Fourth Degree," that Petitioner was

"denied the effective assistance of counsel," and that "the sentence was excessive and/or illegal

under the circumstances."  (Resp't R. of Exs. ("Resp't Ex.") Ex. 10, at 5.)  In supplemental

briefing, Petitioner also argued that "the trial court erred in denying [Petitioner's] motion to

dismiss the indictment" for "insufficiency of evidence" before the grand jury, and that Petitioner

was "denied his due process [right] to a fair trial when the prosecutor went beyond the prescribed

boundaries of the Court's *Sandoval . . . ruling*" in making certain statements during summation.

(Resp't Ex. 16, at 1, 7, 25 (format altered from original).)  The Appellate Division unanimously

affirmed Petitioner's conviction, rejecting each of Petitioner's arguments.  *See People v. Silva*,

760 N.Y.S.2d 876 (App. Div. 2003).  That court stated:

> The defendant failed to preserve for appellate review his contentions as to
> the legal sufficiency of the evidence of his guilt of the crimes of robbery in the
> first degree and criminal possession of a weapon in the fourth degree.  In any
> event, viewing the evidence in the light most favorable to the prosecution, we find

that it was legally sufficient to establish his guilt of those crimes beyond a
reasonable doubt.  Minor discrepancies between the testimony of witnesses is not
sufficient to show that a witness's testimony was incredible as a matter of law.
Moreover, upon the exercise of our factual review power, we are satisfied that the
verdict of guilt was not against the weight of the evidence.

Since the convictions were based on legally sufficient trial evidence, the
denial of the defendant's motion to dismiss the indictment based on the alleged
insufficiency of the Grand Jury evidence is not reviewable on appeal.

The defendant's contention that certain remarks made by the prosecutor
during summation were improper is unpreserved for appellate review because the
remarks were not objected to at trial.  In any event, the remarks constituted fair
comment on the evidence and were responsive to the arguments and issues raised
by the defense.

The defendant received the effective assistance of counsel.

The sentence imposed was not excessive.

*Id.* at 876-77 (internal citations omitted).

The New York Court of Appeals summarily denied Petitioner leave to appeal.  *See*

*People v. Silva*, 807 N.E.2d 909 (N.Y. 2003).

C.  Post-Judgment Motions in State Court

Prior to the Appellate Division's affirmance on direct appeal, Petitioner also moved to

vacate his judgment pursuant to N.Y. Crim. Proc. L. § 440.10, and moved to set aside his

sentence pursuant to N.Y. Crim. Proc. L. § 440.20.

In his motion to vacate the judgment, Petitioner argued that "(1) the prosecution withheld

*Rosario* and *Brady* material; (2) he was deprived the effective assistance of counsel; and (3) the

prosecutor used false testimony at trial."  (Resp't Ex. 12, at 00258.)  The Orange County Court

judge denied Petitioner's motion, holding that (1) Petitioner's claim "that the prosecutor

improperly withheld documents" was based only on Petitioner's "unsupported allegations

contained in [h]is own affidavit," (2) Petitioner's alleged conflict with his attorney was "not a

legal conflict" but only "a problem between the [Petitioner] and the law firm . . . over fees and

3

which attorney would represent him at trial" and there was "nothing to support a finding of ineffective assistance of counsel based upon the [Petitioner]'s submission to t[he c]ourt," and (3) the alleged instances of "false testimony" were merely "discrepancies between trial testimony, Grand Jury testimony, and the prior statements of some witnesses," which were "available to the [Petitioner] for use at trial" and "do not rise to the level of being categorized as false testimony," and in any event "could have been raised on appeal." (*Id.* at 00258-59.)

In his motion to set aside his sentence, Petitioner argued that "(1) the [prosecution]'s statement pursuant to CPL § 400.21 failed to set forth the periods of incarceration which tolled the ten-year eligibility limit for a second felony offender; (2) the statement was invalid because it failed to comply with CPL § 400.21(3); and (3) . . . the [Petitioner] is not properly a second felony offender." (Resp't Ex. 13, at 00261.) The Orange County Court judge denied Petitioner's motion, holding that, as to Petitioner's first two arguments, the "conclusive documentary proof" showed that the prosecution's statement complied with CPL § 400.21, that "[n]o objection was raised to the statement's form or its contents at the time" of sentencing, and Petitioner "admitted his status as a second felony offender at th[at] time." (*Id.*) As to Petitioner's third argument, the court held that even if the time that Petitioner was "on work release and was not actually incarcerated . . . should be excluded for tolling the ten-year limit," Petitioner would "still be a second felony offender" and thus "has failed to show that any such exclusion would change the result." (*Id.* at 00262.)

The Appellate Division denied leave to appeal the County Court's denial of Petitioner's §§ 440.10 and 440.20 motions. (Resp't Ex. 19, at 00349.)

### D.  Habeas Petition

Petitioner, proceeding pro se, filed the instant Petition on October 12, 2004, asserting eight grounds for habeas relief.  First, he contends, the Appellate Division's affirmance on direct appeal was an unreasonable application of clearly established Supreme Court precedent.  (Pet. ¶ 12.)  Second, Petitioner claims that the Appellate Division's denial of Petitioner's challenge to his indictment was an unreasonable application of clearly established Supreme Court precedent.  (*Id.* (format altered from original).)  Third, Petitioner asserts that he was denied effective assistance of counsel due to his attorneys' "fail[ure] to be informed of the basic facts."  (*Id.* (format altered from original).)  Fourth, Petitioner contends that he was denied his due process right to a fair trial due to the prosecution's failure to disclose *Brady* material.  (*Id.*)  Fifth, Petitioner alleges that he was denied his due process right to a fair trial due to the prosecutor's use of "testimony he knew or should have known to be false."  (*Id.* (format altered from original).)  Sixth, Petitioner argues that he was denied his due process rights due to the prosecution's failure to comply with CPL § 400.21 during sentencing.  (*Id.*)  Seventh, Petitioner says that he was denied due process "when the court penalized him for having exercise[d] his right to a jury tr[ia]l."  (*Id.* (format altered from original).)  Eighth, Petitioner claims that the denial of his "motion to vacate the judgment was an unreasonable application of clearly established Supreme Court precedent."  (*Id.* (format altered from original).)

Magistrate Judge Smith concluded that all of Petitioner's claims to habeas relief were without merit.  She recommended that the Petition should be dismissed, that a certificate of probable cause should not issue, and that the Court should certify that an appeal would not be taken in good faith.  (R&R 26-27.)  Petitioner filed timely objections to the R&R, specifically

5

objecting to the R&R's conclusions as to his first, third, and fourth claims, and stating that he

"denies" "any other allegations" in the R&R.  (Affirmation in Reply to R&R ("Obj.") 1, 5, 6, 7.)

## II.  Discussion

### A.  Standards of Review

#### 1.  Review of Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*,

No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the

magistrate judge's report and recommendation.  The objections must be "specific" and "written,"

Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of

the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days

when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d), for a

total of thirteen working days, *see* Fed R. Civ. P. 6(a)(2).

Where a party submits timely objections to a report and recommendation, as Petitioner

has here, the district court reviews de novo the parts of the report and recommendation to which

the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL

831816, at *1.  The district court "may adopt those portions of the . . . report [and

recommendation] to which no specific written objection is made, as long as the factual and legal

bases supporting the findings and conclusions set forth in those sections are not clearly

erroneous or contrary to law."  *See Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp.

2d 224, 226 (S.D.N.Y. 2008) (internal quotation omitted).

### 2.  Review of Petition for Habeas Corpus Relief

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

[a]n application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim . . . resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)-(d)(1).  Thus, Petitioner is entitled to habeas corpus relief only if he can

show that "the state court 'unreasonably' applied law as established by the Supreme Court in

ruling on petitioner's claim, or made a decision that was 'contrary to' it."  *Cousin v. Bennett*, 511

F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  "While 'the precise method for

distinguishing objectively unreasonable decisions from merely erroneous ones' is somewhat

unclear, 'it is well-established in [the Second] Circuit that the objectively unreasonable standard

of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error

in order to obtain *habeas* relief.'"  *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (internal

brackets omitted) (quoting *Torres v. Berbary*, 340 F.3d 63, 69 (2d Cir. 2003)).  The state court's

determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting

the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see*

*also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006).

### 3.  Review of Submissions by Pro Se Litigant

Pleadings submitted by pro se litigants are held to a lesser standard than those drafted by

practicing attorneys.  *See Fed. Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1158 (2008) ("Even

in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other

parties."). Because Petitioner is proceeding pro se, the Court construes his submissions liberally so as to interpret them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

B. Analysis

1. Sufficiency of Evidence and Other Claims Rejected on Direct Appeal

Petitioner specifically attacks Magistrate Judge Smith's rejection of Petitioner's claim that the Appellate Division's affirmance of his conviction on direct appeal was an unreasonable application of clearly established Supreme Court precedent (Obj. 1-6.), and thus the Court will review that portion of the R&R de novo.

Under the heading of Petitioner's first claim for habeas relief, Petitioner's memorandum of law in support of the Petition makes a variety of arguments: he challenges the sufficiency of the evidence supporting his indictment by grand jury (Pet'r Mem. of Law in Supp. of Pet. ("Pet'r Mem.") 5-9), the indictment itself (*id.* at 3-5), the weight and sufficiency of the evidence at trial (*id.* at 9-21), and the admissibility of the surveillance videotape at trial (*id.* at 21-24).[2]

Magistrate Judge Smith concluded that "any [sufficiency of evidence] claims that Petitioner might have concerning the grand jury proceedings are not cognizable in this federal habeas corpus proceeding." (R&R 10.) Magistrate Judge Smith is correct. "[I]t is well-settled that claims based on the sufficiency of the evidence presented to a state Grand Jury are not cognizable under federal law and thus are not reviewable in a habeas corpus petition." *Walker v.*

---

[2] Under the heading of this first asserted ground for habeas relief, Petitioner also challenges the effectiveness of his counsel (Pet'r Mem. 24-28); the Court will address these arguments together with the contentions raised in Petitioner's third asserted ground for relief (*id.* at 36-49).

*Brown*, No. 08-CV-1254, 2009 WL 2030618, at *7 (E.D.N.Y. July 10, 2009); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) ("[F]ederal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, [and] similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court."); *Verdel v. Miller*, No. 05-CV-1997, 2008 WL 463777, at *7 (S.D.N.Y. Feb. 19, 2008) ("[A]ny error in grand jury proceedings is necessarily rendered harmless by a trial jury's subsequent finding of guilt beyond a reasonable doubt.").  Petitioner's claims for habeas relief based on the evidence presented to the grand jury are therefore rejected.

Magistrate Judge Smith also concluded that Petitioner's challenge to "the sufficiency of the indictment" itself is cognizable on habeas review only if "based on a failure to meet the requirements of due process," and that "[t]he indictment in this case satisfies the constitutional requirements of due process."  (R&R 10-11.)  Both of these conclusions are correct.  "Challenges to state indictments will merit habeas corpus relief only in the exceptional case where the indictment fails to satisfy the basic due process requirements:  notice of the time, place, and essential elements of the crime."  *Edwards v. Mazzuca*, No. 00-CV-2290, 2007 WL 2994449, at *5 (S.D.N.Y. Oct. 15, 2007) (internal quotation marks omitted).  Petitioner's indictment stated:

> THE GRAND JURY . . . accuse[s] the defendant of the crime of ROBBERY IN THE FIRST DEGREE . . . , committed as follows:
> The said defendant, on or about the 18th day of January, 1999, in the County of Orange, State of New York, did forcibly steal property:  to wit, property belonging to the Sears Roebuck store and, in the course of the commission of the crime or of immediate flight therefrom, did use or threaten the immediate use of a dangerous instrument, to wit:  a screwdriver. . . .
> AND THE GRAND JURY . . . further accuse[s]  the defendant of the crime of PETIT LARCENY . . . , committed as follows:
> The said defendant, on or about the 18th day of January, 1999, in the

> County of Orange, State of New York, did steal property, to wit:  property belonging to the Sears Roebuck store. . . .
>      AND THE GRAND JURY . . . further accuse[s] the defendant of the crime of CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE . . . , committed as follows:
>      The said defendant, on or about the 18th day of January, 1999, in the County of Orange, State of New York, did possess a dangerous or deadly instrument or weapon, to wit:  a screwdriver, with intent to use the same unlawfully against another.

(Resp't Ex. 1, at 001-02.)  Plainly, Petitioner's indictment "satisfied the basic requirements of due process by informing [P]etitioner of the time, place and essential elements of his crime and, moreover, tracked the language of the statute[s] allegedly violated," *Swanton v. Graham*, No. 07-CV-4113, 2009 WL 1406969, at *11 (E.D.N.Y. May 19, 2009).  Petitioner's claims for habeas relief based on the sufficiency of his indictment are therefore rejected.

As for Petitioner's claim that his conviction was against the weight of the evidence, Magistrate Judge Smith concluded, correctly, that such a claim is not cognizable on federal habeas review.  (R&R 11-12.)  *See Barnes v. Graham*, 07-CV-2530, 2009 WL 1424116, at *7 (S.D.N.Y. May 20, 2009) ("[I]t is well-established that a 'weight of the evidence' claim is not cognizable on federal habeas review because it does not present a federal constitutional issue.").

Magistrate Judge Smith further concluded that Petitioner's claim based on the sufficiency of the evidence against him as to the robbery and weapons possession charges had been procedurally defaulted and therefore could not be a proper basis for habeas relief.  (R&R 12-13.)  On this point, Magistrate Judge Smith is again correct.  On direct appeal, the Appellate Division held that Petitioner "failed to preserve for appellate review his contentions as to the legal sufficiency of the evidence of his guilt of the crimes of robbery in the first degree and criminal possession of a weapon in the fourth degree," *Silva*, 760 N.Y.S.2d at 876, and the Court of

Appeals denied leave to appeal; thus, the claim is procedurally barred.  *See Young v. McGinnis*, No. 98-CV-281, 2006 WL 463507, at *16 (E.D.N.Y. Feb. 24, 2006) (holding that the petitioner's claim was "procedurally barred from habeas review" because the "petitioner had failed to preserve [his claim] for appellate review").  It does not matter that the Appellate Division also ruled, in the alternative, that the sufficiency claim had no merit.  *See id.* ("When a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of a federal claim, a federal habeas court is foreclosed from reviewing the claim.") (internal quotation omitted).  Because "[n]o cause for the procedural default and resulting prejudice or fundamental miscarriage of justice has been shown," *id.* at *17 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)), Petitioner is not entitled to habeas relief based on his claim that the evidence at trial was insufficient.[3]

Finally, in response to Petitioner's contention that the prosecution failed "to establish, before showing the videotape to the jury, the actual chain of custody to safeguard against the possibility that the videotape could have been changed or altered" (Pet'r Mem. 23-24), Magistrate Judge Smith correctly concluded that the admission of the videotape, even if erroneous, "does not rise to the level of a constitutional error that would entitle Petitioner to habeas relief" (R&R 13).  "[H]abeas corpus relief does not lie for errors of state law, and that necessarily includes erroneous evidentiary rulings."  *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006) (internal citation and quotation marks omitted).  Rather, "erroneous evidentiary

---

[3]In any event, the Court finds that the evidence was more than sufficient to sustain the verdict.

rulings warrant a writ of habeas corpus only where the petitioner can show that the error deprived [him] of a *fundamentally fair* trial." *Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004) (internal quotation omitted) (alteration and emphasis in *Zarvela*).  Petitioner here has made no such showing, and in fact admits that he was the individual in the videotape.  (R&R 13.)  Indeed, the videotape was used to show only Petitioner's theft, an act which Petitioner admitted he committed, and not the use of the screwdriver, which happened outside the store and out of view of the camera.  Therefore, this claim for relief fails.

### 2.  Prosecutor's Comments During Summation

As his second ground for habeas relief, Petitioner contends that the Appellate Division's "denial of Petitioner's supplemental brief to dismiss the indictment was an unreasonable application of clearly established Supreme Court precedent."  (Pet. ¶ 12 (format altered from original).)  Petitioner's argument on this point is not related to his indictment, but rather contends that the trial court erred in allowing the prosecutor to argue in summation that Petitioner lacked credibility based upon his testimony that he had been convicted of a prior felony.  (Pet'r Mem. 29.)  Magistrate Judge Smith concluded that federal habeas review of this claim was barred by the Appellate Division's holding that the claim was unpreserved for appellate review because Petitioner had not contemporaneously objected at trial to the prosecutor's remarks.  (R&R 14.)  Because Petitioner's objections did not make any specific reference to this issue or to Magistrate Judge Smith's analysis thereof, the Court reviews this portion of the R&R for clear error.  Finding no error, clear or otherwise, in Magistrate Judge Smith's analysis, the Court adopts her finding that Petitioner's claim pertaining to the remarks

on summation does not merit habeas relief.[4]

### 3.  Ineffective Assistance of Counsel

Petitioner's objections to Magistrate Judge Smith's R&R specifically addressed her rejection of his claim that he was denied effective assistance of counsel (Obj. 6-7), and thus the Court will review that portion of the R&R de novo.

Petitioner makes a number of arguments in support of his claim that his lawyers were ineffective.  First, his appointed counsel "fail[ed] . . . to investigate and prepare the available materials for the pretrial hearing" and "misconstrued the facts" pertaining to Petitioner's arrest in his affirmation in support of Petitioner's pretrial motion to dismiss the indictment and suppress evidence.  (Pet'r Mem. 37.)  Second, Petitioner's retained counsel, who represented him at trial, failed to adequately investigate, and in particular did not "inspect [the] Sears surveillance equipment room."  (*Id.* at 40.)  Third, Petitioner's "financial inability to pay the law firm" he had retained created a "conflict of interest" that "caused his representation to diminish[] to the level of . . . ineffectiveness."  (*Id.* at 42.)  Fourth, Petitioner's trial counsel failed to adequately cross-examine prosecution witnesses to elicit and highlight discrepancies in their testimony.  (*Id.* at 21-28, 40-46.)

As to Petitioner's first argument, Magistrate Judge Smith concluded that Petitioner was not entitled to habeas relief because there was "no evidence in the record to show that any alleged errors made by [Petitioner's appointed] attorney altered the outcome of the case at trial."  (R&R 16-17.)  Magistrate Judge Smith is correct; Petitioner's failure to show prejudice from

---

[4]The result would be the same after a de novo review of Magistrate Judge's R&R on this point.

counsel's alleged errors is fatal to his claim.

> [I]n *Strickland v. Washington*, 466 U.S. 668 (1984), [the Supreme Court]
> recognized a two-part test for determining whether a criminal defendant was
> denied the effective assistance of counsel:  The defendant must demonstrate (1)
> that his counsel's performance fell below what could be expected of a reasonably
> competent practitioner; and (2) that he was prejudiced by that substandard
> performance.

*Pearson v. Callahan*, 129 S. Ct. 808, 821 (2009); *see Torres v. Donnelly*, 554 F.3d 322, 325 (2d

Cir. 2009) ("To establish that counsel's performance was constitutionally defective, a defendant

must show that the lawyer's performance fell below an objective standard of reasonableness and

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceedings would have been different.") (internal quotation omitted).  As Magistrate Judge

Smith points out, the incorrect statements made by counsel in his pre-trial affirmation did not

prejudice Petitioner, because notwithstanding those errors the trial court granted Petitioner pre-

trial hearings on the contested issues.  (R&R 17 n.10.)

Magistrate Judge Smith was likewise correct in rejecting Plaintiff's second claim – that

Petitioner's retained counsel unreasonably failed to inspect the Sears surveillance equipment

room.  Petitioner contends that counsel's failure to inspect the room "precluded" cross-

examination of the prosecution's witnesses "as to the distance from the surveillance room to the

automotive door," yet he argues that witness testimony at trial proved that "it would be virtually

impossible for [Sears employee] Griggs to have recorded petitioner exiting the store [and] then

to travel from the surveillance room to the automotive doors within eight seconds."  (Pet'r Mem.

40-41 (internal quotation marks omitted).)  Petitioner thus seems to concede that it was *not*

necessary for his counsel to inspect the room, because the evidence at trial independently led to

the conclusion that he believes would have been yielded by such an inspection.  In any event,

Petitioner has "provide[d] no information concerning the evidence that [his counsel's] private investigation [of the surveillance equipment room] would have unearthed, or how such an investigation would have led to a different outcome" at trial; thus, his "[v]ague and speculative allegations . . . are insufficient to establish the prejudice required by *Strickland*," *Kemp v. New York*, No. 07-CV-6996, 2009 WL 306258, at *14 (S.D.N.Y. Feb. 9, 2009); *see also McPherson v. Greiner*, No. 02-CV-2726, 2003 WL 22405449, at *25 (S.D.N.Y. Oct. 22, 2003) (rejecting claim of ineffective assistance based on attorney's failure to investigate because "speculation satisfies neither *Strickland*'s deficient performance nor prejudice prongs") (internal quotation omitted).

Petitioner's claim that ineffective assistance of counsel resulted from his inability to pay attorney's fees was also properly rejected by Magistrate Judge Smith.  "In order to prevail on a conflict of interest claim [of ineffective assistance of counsel], the defendant must establish an actual conflict of interest that resulted in a lapse of representation." *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997) (internal quotation omitted).  However, the Second Circuit "never ha[s] held that failure to pay fees . . . , without more, gives rise to a conflict of interest." *Id.* Instead, courts "presume that counsel will continue to execute his [or her] professional and ethical duty to zealously represent his [or her] client, notwithstanding [a] fee dispute." *Id.*  Here, in support of his claim of an actual conflict of interest with his counsel, Petitioner has asserted nothing more than a simple failure to pay fees, and therefore has no right to habeas relief or any further inquiry into a potential conflict. *Cf. id.* at 72 (holding that because "the existence of a fee dispute and an attorney's motion to withdraw for that reason do not without more constitute a conflict of interest . . . , the district court had no duty to conduct an inquiry when presented only

with a motion by . . . counsel to withdraw for non-payment of fees").

Finally, Magistrate Judge Smith was correct in rejecting Petitioner's claim to the extent that it is based on his criticism of his trial counsel's cross-examination of prosecution witnesses (R&R 18). Courts accord "significant deference" to "a trial counsel's decision how to conduct cross examination" and "refus[e] to use perfect hindsight to criticize unsuccessful trial strategies." *Eze v. Senkowski*, 321 F.3d 110, 132 (2d Cir. 2003); *see also Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) ("Decisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim.") (internal quotation and omission omitted). Petitioner essentially argues that his counsel failed to highlight discrepancies in the testimony of the prosecution witnesses, particularly the two Sears employees who were eyewitnesses to Petitioner's crimes. However, Petitioner's counsel did cross-examine both of these witnesses, focusing on the relative positioning of Petitioner and the witnesses, in an effort to illustrate inconsistencies in their testimony and to cast doubt on whether they were telling the truth about where they were and what they saw. (Trial Tr., *People v. Silva*, Indictment No. 99-214 (Orange County Ct. Oct. 5, 1999) ("Trial Tr.") 175-81, 195-200.) Counsel called Petitioner to the stand to testify in his own defense, and elicited testimony from him that contradicted the prosecution witnesses' accounts. (*Id.* at 232-36.) During summation, counsel recounted the testimony of Petitioner and of the two prosecution eyewitnesses, arguing to the jury that the prosecution witnesses' accounts were inconsistent, untruthful, and implausible compared with Petitioner's account. (*Id.* at 262-72.) Plainly, Petitioner's counsel's trial strategy was not so deficient as to fall below the bar of the Sixth Amendment, and the state court did not unreasonably apply Supreme Court precedent

in so concluding.  *See Venable v. Walsh*, No. 05-CV-84, 2009 WL 750230, at *10 (E.D.N.Y.

Mar. 19, 2009) (noting that defense "counsel conducted an extensive cross-examination of each

of the witnesses" and "find[ing] nothing deficient about defense counsel's cross-examinations"

that would support a claim of ineffective assistance of counsel).

> ### 4.  Disclosure of *Brady* Material

Petitioner's objections to Magistrate Judge Smith's R&R specifically responded to her

rejection of his claim that he was denied his due process right to a fair trial due to the

prosecution's failure to disclose *Brady* material (Obj. 5), and thus the Court will review that

portion of the R&R de novo.

Petitioner contends that the prosecution did not disclose to either of his attorneys "the

first page of the Town of Newburgh Police Department Complaint Report" or a "Permission [of]

Authority Affidavit."  (Pet'r Mem. 51.)  The police report listed, among pieces of evidence, an

"UNK[NOWN]" quantity of "TOOLS CRAFTSMAN TOOLS/ASSORTED" that were indicated

as having been "STOL[EN]" (but not "RECO[VERED]," as the power washer was).  (Pet'r's

App. I ("Pet'r Ex.") Ex. D, at 1.)  The affidavit, signed by Griggs, stated that he did not give

Petitioner permission to take "several miscellaneous tools as well as (1) Craftsman high pressure

washer valued @ $349.99."  (Pet'r Ex. P.)  Because these documents stated that Petitioner had

taken "several tools and a power washer," Petitioner claims that they were *Brady* material in that

they contradict both Griggs's testimony that he saw Petitioner leaving the store with a power

washer (without mentioning any other tools) and the surveillance videotape that did not show

Petitioner with any tools (other than the power washer).  (Pet'r Mem. 53-54.)  According to

Petitioner, these documents "would have not only cast a substantial doubt on the [prosecution's]

case, but whether Griggs had actual[ly] recorded the surveillance videotape himself." (*Id.* at 54.) Petitioner also asserts that the prosecution suppressed the original handwritten version of a "notice to defendant of intention to offer evidence pursuant to C.P.L. § 710.30," instead providing only a typed copy. (*Id.*)

"The basic rule of *Brady* is that the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *Id.* "Because *Brady* and its progeny are grounded in the Due Process Clauses of the Constitution, the essential purpose of the rules enunciated in these cases is to protect a defendant's right to a fair trial by ensuring the reliability of any criminal verdict against him." *Id.* "The government therefore has a so-called '*Brady* obligation' only where non-disclosure of a particular piece of evidence would deprive a defendant of a fair trial." *Id.* at 140. "To demonstrate such a deprivation, a defendant must show that: (1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *Id.* "[A] defendant is deprived of a fair trial where there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different, or where the suppressed evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Reyes v. Ercole*, No. 06-CV-5525, 2009 WL 790104, at *6 (S.D.N.Y. Mar. 25, 2009) (internal citations and quotations omitted).

As to Petitioner's argument concerning the third allegedly suppressed document — the handwritten original notice of intention to offer evidence — Magistrate Judge Smith correctly noted that he never raised this claim in state court and that, in any event, the document allegedly suppressed was not favorable to Petitioner and Petitioner suffered no prejudice from its alleged suppression.  (R&R 23.)

Petitioner's argument regarding the two documents referring to other unknown tools allegedly stolen by Petitioner — which Petitioner did raise in state court, in his § 440.10 motion — was likewise correctly rejected by the Magistrate Judge Smith.  Evidence that Petitioner stole other tools besides the power washer certainly does not exculpate him in any way.  Nor is Griggs's reference to "miscellaneous tools" in his affidavit inconsistent with his trial testimony, which merely stated that Griggs did see Petitioner with the power washer, not that the power washer was the *only* thing he saw him carrying or suspected him of having stolen.  Even if this could be construed as an inconsistency, it is plainly not the type of inconsistency that "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict," *Reyes*, 2009 WL 790104, at *6 (internal quotation omitted), particularly in light of video evidence showing that Plaintiff stole the power washer, and his admission to the same, both of which corroborated Griggs' testimony.  Moreover, as Magistrate Judge Smith also noted, Petitioner has not provided any statements from his counsel or any other evidence (other than Petitioner's own allegations) rebutting the government's contention that it *did* disclose the documents at issue to Petitioner's counsel; thus, Petitioner has not made the requisite demonstration of actual suppression.  (R&R 22); *see McCoy v. Greiner*, No. 02-CV-7066, 2008 WL 2309168, at *14 (S.D.N.Y. June 3, 2008) ("There can be no *Brady* violation unless the

prosecution actually suppressed the evidence at issue.").

In sum, Magistrate Judge Smith correctly concluded that none of Petitioner's *Brady* allegations entitle him to habeas relief.

### 5. Government's Use of False Testimony

The Petition contends, as Petitioner's fifth ground for habeas relief, that he was "denied his due process right to a fair trial when the prosecutor used testimony he knew or should have known to be false." (Pet. ¶ 12 (format altered from original).) Magistrate Judge Smith concluded that federal habeas review of this claim was procedurally barred, noting that the state court had held that the claim was procedurally barred from consideration on Petitioner's § 440.10 motion, that Petitioner failed to raise the claim on direct appeal, and that "to the extent it was subsumed within his challenge to the sufficiency of the evidence on direct appeal, the Appellate Division deemed that claim procedurally defaulted as well." (R&R 24.) Although Petitioner's objections did not make any specific reference to Magistrate Judge Smith's conclusions regarding this issue, Petitioner did assert that prosecutors "knew or should have known[] that [certain] witnesses['] testimony[] w[as] based on evidence and physical facts which could not possibly have been true." (Obj. 4.) Liberally construing Petitioner's objections, the Court interprets statement as an objection to Magistrate Judge Smith's conclusions as to Petitioner's fifth ground for habeas relief, and therefore reviews that section of the R&R de novo.

For essentially the same reasons that Petitioner's habeas claim based on the sufficiency of the evidence is barred from this Court's consideration, *see supra* Section II.B.1, Magistrate Judge Smith was likewise correct in concluding that Petitioner is not entitled to habeas relief

based on his (speculative and unsubstantiated) claim that the prosecution knowingly elicited

false testimony.  Because the state courts held the claim procedurally defaulted based on

independent and adequate state grounds, and Petitioner has shown no cause for the procedural

default and prejudice or fundamental miscarriage of justice, his habeas claim is also barred in

this Court.  *See Young*, 2006 WL 463507, at *16-17.

> ### 6.  Sentencing

As his sixth ground for habeas relief, Petitioner claims that he was denied due process

based on the prosecution's failure to comply with CPL § 400.21 during sentencing.  (Pet. ¶ 12.)

Magistrate Judge Smith concluded that this claim, raised in Petitioner's § 440.20 motion to set

aside his sentence, raised only an issue of state law and therefore "cannot form the basis of

habeas relief."  (R&R 24.)  Because Petitioner's objections do not make any reference to this

portion of Magistrate Judge Smith's R&R or to Petitioner's sentencing in any respect, the Court

reviews this portion of the R&R for clear error.  Finding no error, clear or otherwise, in

Magistrate Judge Smith's conclusion, the Court adopts her finding that Petitioner's CPL

§ 400.21 claim does not merit habeas relief.

> ### 7.  Right to Jury Trial

As his seventh ground for habeas relief, Petitioner claims that he was denied due process

"when the court penalized him for having exercise[d] his right to a jury tr[ial]."  (Pet. ¶ 12

(format altered from original).)  Magistrate Judge Smith concluded that this claim was

unexhausted in state court and in any event lacked merit, noting that "[t]here is nothing in the

record of the sentencing proceeding to indicate that the judge based his decision on Petitioner's

failure to accept a plea deal."  (R&R 25.)  Because Petitioner's objections do not make any

reference to this claim or to the portion of Magistrate Judge Smith's R&R rejecting it, the Court reviews the R&R's analysis of this claim for clear error.  Finding no error, clear or otherwise, the Court adopts Magistrate Judge Smith's conclusion that Petitioner's claim that he was penalized for exercising his right to a jury trial does not merit habeas relief.

8.  Procedural Default of Ineffective Assistance Claim on Motion to Vacate

The Petition contends, as Petitioner's eighth ground for habeas relief, that the "tr[ia]l court's denial of Petitioner's motion to vacate the judgment was an unreasonable application of clearly established Supreme Court precedent."  (Pet. ¶ 12 (format altered from original).) Petitioner argues that, in denying his § 440.10 motion, the Orange County Court erred in holding that his claim of ineffective assistance of counsel was "procedurally barred because it was based on facts appearing in the record" and could therefore be addressed on direct appeal.  (Pet'r Mem. 72.)  Petitioner's argument relies on *Massaro v. United States*, 538 U.S. 500 (2003), which "h[e]ld that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under [28 U.S.C.] § 2255, whether or not the petitioner could have raised the claim on direct appeal," *id.* at 504.  Magistrate Judge Smith rejected Petitioner's argument, noting that the Second Circuit has held that *Massaro* does not apply to habeas petitions pursuant to 28 U.S.C. § 2254, finding that "Petitioner does not allege, nor can he establish, either cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default," and concluding, in the alternative, that Petitioner's ineffective assistance of counsel claim lacks merit for the reasons described above, *see supra* Section II.B.3.  (R&R 26.)  Because Petitioner's objections do not make any reference to his *Massaro*-based claim or to the portion of Magistrate Judge Smith's R&R rejecting it, the Court reviews the R&R's analysis on that point for clear error.

22

Finding no error, clear or otherwise, the Court adopts Magistrate Judge Smith's conclusion that Petitioner's eighth argument for habeas relief is without merit.

C.  Appeal from Denial of the Petition

Magistrate Judge Smith further recommended that the Court should not issue a certificate of appealability, as "the petition presents no questions of substance for appellate review," and should certify "that an appeal from this order would not be taken in good faith."  (*Id.* at 26-27.)

"To be appealable, a district court's denial of a § 2254 habeas petition must be accompanied by a certificate of appealability from either the district court or a circuit judge or justice." *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (citing 28 U.S.C. § 2253(c)). "The standard for issuing the certificate of appealability is whether jurists of reason would find it debatable whether the petition states a valid claim." *Id.* (internal quotation omitted).  The Court agrees with Magistrate Judge Smith that the Petition is meritless, and therefore declines to issue a certificate of appealability.  The Court further certifies that an appeal from this judgment would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (stating that an appellant in a criminal case "is to be heard . . . if he makes a rational argument on the law or facts"); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007) (per curiam) ("An appeal is frivolous when it lacks an arguable basis either in law or in fact."); *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir. 1972) (stating that, in the context of a criminal appeal, good faith is demonstrated "when [the appellant] seeks appellate review of any issue not frivolous").[5]

---

[5]In compliance with *Lebron v. Sanders*, 557 F.3d 76, 77 (2d Cir. 2009) (per curiam), the Court has forwarded to the Petitioner paper copies of those decisions cited herein which are only available through fee-based, electronic databases.

23

### III. Conclusion

For the reasons stated above, the Court adopts the conclusions of the R&R. For the reasons stated above and in the R&R, the Court finds that Petitioner's claims do not warrant habeas relief. Accordingly, it is

ORDERED that the Report and Recommendation dated June 9, 2009 is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DISMISSED. It is further

ORDERED that the Court declines to issue a certificate of appealability. It is further

ORDERED that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated:     November **23**, 2009
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List

For Mailing by Clerk's Office:

Roman Silva
(00-A-0168)
Wallkill Correctional Facility
Box G
Wallkill, NY  12589-0286

Andrew R. Kass, Esq.
Assistant District Attorney
Office of the Orange County District Attorney
30 Matthews Street
Goshen, NY  10924-1963

Copy To:

Honorable Lisa Margaret Smith
United States Magistrate Judge